IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MATTHEW DOUGLAS HAUSMAN                                                                PLAINTIFF

v.                                     Case No. 4:21-cv-04030

JAIL ADMINISTRATOR JANA TALLENT,
Howard County Correctional Facility;
DEPUTY CHIEF JOE DAVIS,
Howard County Correctional Facility; and
SHERIFF BRIAN MCJUNKINS,
Howard County, Arkansas                                                                DEFENDANTS

## ORDER

On April 6, 2021, Plaintiff Matthew Douglas Hausman filed the present action pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

On April 6, 2021, Plaintiff filed his Complaint (ECF No. 1) and on that same day, his application to proceed *in forma pauperis* was granted. (ECF No. 3). Plaintiff states that at the time of the alleged incidents he was in jail awaiting trial on pending criminal charges. Plaintiff is currently incarcerated at the Howard County Correctional Facility ("HCCF") in Nashville, Arkansas.

Plaintiff names the following individuals as Defendants in the Complaint: Jana Tallant,[1] Jail Administrator for the HCCF; Joe Davis, Deputy Chief for the HCCF; and Brian McJunkins, Sheriff of Howard County. (ECF No. 1, pp. 2-3).  Plaintiff is suing Defendants in their individual

---

[1] Jana Tallant is incorrectly referred to as "Tallent" in the case caption.

and official capacities (*Id.* at pp. 5-7) and is seeking compensatory and punitive damages. (*Id.* at p. 18). Plaintiff describes his claim as follows:

> Between the dates of 2/15/21-3/1/21 I was sexually harassed by …, an inmate of the Howard County Correctional Facility. On 2/15/21 I notified administration of this issue through the written grievance process the first time of many. This continued with little more than minimal effort to mitigate the issue and no punitive action [against the inmate] until 3/1/21.
>
> My claims against the administrators of the Howard County Correctional Facility is of the negligence shown during the 15 day period that I suffered severe psychological torture and anguish under their supervision.

(ECF No. 1, p. 4).

Plaintiff alleges that between February 15, 2021 and March 1, 2021, Defendants "…showed carelessness and negligence toward my situation." (ECF No. 1, pp. 5-7). As for his official capacity claim, Plaintiff alleges that his grievances were not taken seriously or handled properly by Defendants because he is a male. *Id.*[2]

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[2] Plaintiff attached copies of grievances he filed at the HCCF to his Complaint. (ECF No. 1, pp. 19-28). The first grievance was submitted on February 15, 2021 at 7:30 pm. (ECF No. 1, p. 25). In the grievance Plaintiff states "[the inmate]…continuously makes sexual gestures towards me… Every time I see him across the hall or A pod goes to yard he blows kisses at me and makes hearts and licking motions…". *Id.* The following morning, Defendant Tallant responded in writing to Plaintiff stating, "I spoke with [the inmate] about this and it will not happen again…If it happens again, let me know." *Id.* Then, on February 18, Defendant Tallant responded to another grievance stating "cells were moved to eliminate visibility between you and [the inmate]. This should eliminate this issue." *Id.* at p. 24. One of the grievances indicates Defendant Davis also spoke with the inmate about this situation. *Id.* at p. 23. On March 1, 2021, Defendant Tallant responded to another grievance filed by Plaintiff stating "[the inmate] was moved to another cell which should eliminate this." *Id.* at p. 20.

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

#### A. Individual Capacity Claims

As set forth above, Plaintiff alleges Defendants "showed carelessness and negligence" after he notified them about another inmate sexually harassing him. The Court construes Plaintiff's allegations as a claim based on Defendants' failure to protect him.

Prison officials are required to take reasonable measures to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).[3] To prevail on a failure to protect claim, a plaintiff must satisfy a two-prong test. He must demonstrate: (1) he was incarcerated under conditions posing a substantial risk of serious harm; and (2) prison officials were "deliberately indifferent [to his] health or safety." *See Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted). The first prong is an objective requirement to ensure the deprivation is a violation of a constitutional right. *Id*. The second, however, is subjective

---

[3] A pretrial detainee's failure to protect claims arise under the Fourteenth Amendment. *See Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006). However, the Eighth Amendment deliberate indifference standard is applied to the claims.

3

requiring a showing that the defendants "both knew of and disregarded 'an excessive risk to inmate's health or safety.'" *Id. (*quoting *Farmer*, 511 U.S. at 837).

First, Plaintiff has not alleged facts to demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm to his health or safety. Plaintiff has not alleged he was ever touched or suffered any actual physical injury from the alleged sexual harassment by the inmate. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (prisoner must suffer an actual injury to state an Eighth Amendment claim). Here, Plaintiff states he suffered severe psychological torture and anguish under the Defendants' supervision. (ECF No. 1, p. 4). Pursuant to the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Second, although Plaintiff states he filed numerous grievances informing Defendants he was experiencing sexual harassment from another inmate, he does not allege any of the Defendants were deliberately indifferent to the situation. Instead, Plaintiff claims Defendants "showed carelessness and negligence towards his situation." (ECF No. 1, pp. 5-7). The law is clear that negligence alone is insufficient to constitute deliberate indifference. Instead, the official must "recklessly disregard a known, excessive risk of serious harm to the inmate." *Davis v. Oregon County*, 607 F.3d 543, 549 (8th Cir. 2010) (internal quotations and citation omitted).

Accordingly, Plaintiff's individual capacity claims against Defendants based on failure to protect are dismissed without prejudice.

### B. Official Capacity Claims

As set forth above, in addition to suing the Defendants in their individual capacities, Plaintiff sues each Defendant in their official capacity. Official capacity claims are "functionally

equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Plaintiff's official capacity claims against Defendants are treated as claims against Howard County. *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

To establish Howard County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). Municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Id*. at 817-18. Here, Plaintiff fails to identify any custom, policy or practice of Howard County that violated federal law or was adopted with deliberate indifference to any known or obvious consequences. Accordingly, Plaintiff fails to allege any plausible official capacity claims.

### IV. CONCLUSION

For the previously stated reasons, Plaintiff's individual and official capacity claims against Defendants Jana Tallant, Joe Davis, and Brian McJunkins are **DISMISSED WITHOUT PREJUDICE**.

**This dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED**, this 3rd day of May, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge